UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                            Case No. 4:22-cv-205-MW/MJF

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff John Edward Parker (DC# 202042) has filed an amended civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 4, 5. The undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this case be dismissed under 28 U.S.C. § 1915(g).[1]

### I. BACKGROUND

Plaintiff is a Florida prisoner confined at the Liberty Correctional Institution. Plaintiff's amended complaint names one Defendant: the Florida Department of

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Corrections Inmate Trust Fund. Doc. 4. Plaintiff claims that the Defendant "stripped" him of two stimulus checks, totaling $2,600.00. *Id*. at 5.

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.     **Plaintiff Has "Three Strikes" under 28 U.S.C. § 1915(g)**

Judges in the Northern District of Florida have recognized Plaintiff's status as a "three-striker" under § 1915(g), since 2018. *See Parker v. Cortes*, No. 4:18-cv-00436-RH-GRJ (N.D. Fla. Dec. 1, 2018) (dismissing prisoner civil rights case for abuse of the judicial process and pursuant to the three-strikes bar under 28 U.S.C. § 1915(g)); *Parker v. Central Dep't of Corr.*, 4:13-cv-00519-MW-CAS (N.D. Fla. May 27, 2014) (dismissing prisoner civil rights case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim); *Parker v. Singletary*, 4:98-cv-00069-WS (N.D. Fla. July 23, 1998) (dismissing prisoner civil rights case under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous); *Parker v. Mills*, No. 4:06-cv-00082-MP-AK (N.D. Fla. Dec. 29, 2006) (dismissing prisoner civil rights case under 28 U.S.C. § 1915(e)(2) for failure to state a claim and for failure to exhaust administrative remedies).

All of the foregoing cases bear Plaintiff's inmate number: DC# 202042. Because Plaintiff has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.  **Plainti&#402;&#402; Fails to Satisfy the Imminent-Danger Exception of § 1915(g)**

Plaintiff's allegations do not demonstrate that he is under imminent danger of serious physical injury as a result of having his stimulus checks stripped from him. *See* Docs. 1, 4. Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 5, be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees.

2. The clerk of court close this case file.

At Panama City, Florida, this 29th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**